**Electronically Filed**
**Intermediate Court of Appeals**
**30224**
**05-APR-2011**
**08:07 AM**

NO. 30224

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JUNE GABRIEL, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
EWA DIVISION
(CRIMINAL CASE NO. 1P308-1024)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant June Gabriel (Gabriel) appeals from the Judgment filed on November 4, 2009 in the District Court of the First Circuit, Ewa Division[1] (district court). After a bench trial, the district court convicted Gabriel of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(b) (Supp. 2008).[2]

---

[1] Per diem District Court Judge T. David Woo, Jr., presided.

[2] HRS § 711-1106(1)(b) provides:

§711-1106 **Harassment.** (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:
. . . .

(b) Insults, taunts, or challenges another person in a manner likely to provoke an immediate violent response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury

(continued...)

On appeal, Gabriel contends:

(1)   The district court erred in convicting him because there was insufficient evidence adduced at trial to prove that his remarks to Complainant were outside the ambit of free speech protected by the United States and Hawai'i Constitutions.

(2)   Because the district court concluded that Gabriel had "a reckless and criminal intent to harass" Complainant, the court reversibly erred by applying the incorrect state of mind to the offense of Harassment under HRS § 711-1106(1)(b).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Gabriel's points of error as follows:

(1)   Gabriel's statements to Complainant were not protected by the United States or Hawai'i Constitutions because they were true threats.

The Hawai'i Supreme Court has held that a "statement that amounts to a threat to kill would not be protected by the First Amendment." State v. Chung, 75 Haw. 398, 415-16, 862 P.2d 1063, 1072 (1993) (internal quotation marks, citation, brackets, and ellipsis omitted).  In State v. Valdivia, 95 Hawai'i 465, 24 P.3d 661 (2001), the Hawai'i Supreme Court stated that

> a remark threatening bodily injury ceases to be
> constitutionally protected and ripens into a "true threat"
> when it is objectively susceptible to an interpretation that
> could induce fear of bodily injury in a reasonable
> recipient, at whom the remark is directed and who is aware
> of the circumstances under which the remark was made,
> because those circumstances reflect that the threatening
> remark was so unequivocal, unconditional, immediate, and
> specific as to the person threatened, that it conveyed a
> gravity of purpose and imminent prospect of execution.

Id. at 475-76, 24 P.3d at 671-72 (internal quotation marks, citation, and brackets omitted).

---

[2](...continued)
        to the recipient or another or damage to the property
        of the recipient or another[.]

Gabriel argues that the district court erred in convicting him when the evidence was not sufficient to prove his remarks were "true threats." The record contains sufficient evidence to support Gabriel's conviction under HRS § 711-1106(1)(b). "On appeal, the test to ascertain the legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the State, there is substantial evidence to support the conclusion of the trier of fact." State v. Lima, 64 Haw. 470, 475, 643 P.2d 536, 539 (1982) (internal quotation marks and citation omitted).

The record contains sufficient evidence to support the district court's holding that (1) Gabriel (a) with the intent to harass, annoy or alarm Complainant (b) did insult, taunt, or challenge Complainant (c) in a manner that did in fact cause Complainant to believe that Gabriel intended to cause bodily injury to her or her boyfriend or damage to Complainant's or her boyfriend's property; and (2) Gabriel's statements would cause a reasonable person to believe that he intended to cause bodily injury to Complainant.

(2) The district court did not apply the wrong state of mind to Gabriel's Harassment conviction under HRS § 711-1106(1)(b). In In re Doe, 76 Hawai'i 85, 869 P.2d 1304 (1994), the Hawai'i Supreme Court stated:

> Inasmuch as "the *intent* to harass, annoy, or alarm another person must be proved" in order to establish the offense of harassment in violation of HRS § 711-1106(1)(b), *see* commentary on HRS § 711-1106, at 273 (emphasis added), and no contrary purpose "plainly appears" on the face of the statute, it therefore follows that "intent" is the requisite state of mind for each of the elements set forth in HRS § 711-1106(1)(b). And, "pursuant to HRS § 702-205 (1985), that state of mind applies to such conduct, attendant circumstances, and results of conduct as are specified by the definition of the offense." [*State v. Chung*, 75 Haw. 398, 411 n.8, 862 P.2d 1063, 1070 n.8 (1993)].

Id. at 92, 869 P.2d at 1311 (brackets in original and footnote omitted).

In support of his argument, Gabriel cites to State v. Pesentheiner, 95 Hawai'i 290, 22 P.3d 86 (App. 2001).

Pesentheiner knocked off a police officer's hat while being escorted off the field of a Pro Bowl football game, id. at 292, 22 P.3d at 88, and was charged with Harassment under HRS § 711-1106(1)(a) (Supp. 2000) for offensively touching a police officer. Pesentheiner, 95 Hawai'i at 291, 22 P.3d at 87. The issue on appeal was whether the district court "failed to heed the express *mens rea* requirement of HRS § 711-1106(1)(a) -- the 'intent to harass, annoy, or alarm any other person[.]'" Pesentheiner, 95 Hawai'i at 299, 22 P.3d at 95. This court held:

> The [district] court's ruling raises genuine concern as to whether it properly applied the intent standard of HRS § 711-1106(1)(a) to the case below. Though the court referred to Pesentheiner's conduct as "intentional," we hesitate to place too great a weight on a singular, isolated utterance, when other language in the court's ruling clearly indicates an erroneous understanding of the requisite *mens rea*.
>
> As Pesentheiner amply notes, most confounding in the court's analysis of his state of mind is its reasoning that "when you elect to wave your hands when you're being escorted off, you're as reckless as you would be in an assault case, and as far as this Court's concerned, intentional, whether it's specific intent or just general intent."
>
> We agree with Pesentheiner that the [district] court's use of the term "reckless" to describe his conduct puts his conviction in grave tension with the intent element of HRS § 711-1106(1)(a). While we acknowledge (as the court appeared to) that a reckless state of mind is minimally sufficient for an assault conviction, nothing less than the "intent to harass, annoy, or alarm" specified in the statute could suffice in this case.

Id. at 300, 22 P.3d at 96 (footnote omitted). Pesentheiner is distinguishable from the instant case because the record in the instant case indicates that the district court understood the *mens rea* requirement of 711-1106(1)(b):

> This resulted -- the court finds that, infers from these statements that [Gabriel] *intended* to intimidate and create fear on the part of [Complainant], which in fact -- and the court finds that these statements had their *intended* effect which produced fear on the part of [Complainant].
> . . . .
>
> The court finds that there was *reckless and criminal intent to harass*, that [Gabriel] made insulting, taunting, or challenging statements to a person that was likely to provoke a violent response or that would cause the person to reasonably -- well, that these statements were *intended* to

4

> cause [Complainant] to believe that [Gabriel] *intended* to cause bodily injury to the recipient or damage property of another person.

(Emphasis added.) The district court held that Gabriel's speech was intended to create fear of bodily injury or property damage and his statements had their intended effect, which is contrary from <u>Pesentheiner</u> where "other language in the court's ruling clearly indicates an erroneous understanding of the requisite *mens rea*." 95 Hawai'i at 300, 22 P.3d at 96.

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on November 4, 2009 in the District Court of the First Circuit, Ewa Division, is affirmed.

DATED: Honolulu, Hawai'i, April 5, 2011.

On the briefs:

Craig W. Jerome,
Deputy Public Defender,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5